OPINION
PER CURIAM.
Arnold Reeves has filed a petition for a writ of mandamus directing the District Court to grant him relief. For the reasons that follow, we will deny the petition.
On January 28, 2009, Reeves filed a complaint in which he alleged that prison officials wrongly assigned him a public safety factor of “greatest severity” when calculating his security classification. On May 8, 2009, 2009 WL 1346648, the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. After Reeves filed a motion for reconsideration, a motion for summary judgment, and a motion for a default judgment, the District Court reopened the matter to address those motions. On August 19th, Reeves filed this mandamus petition.
A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Veil, 759 F.2d 312, 314 (3d Cir.1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir.1997).
Because Reeves will have the opportunity to appeal any final order of the District Court, he is not entitled to an order compelling the District Court to grant him relief. While Reeves may use his mandamus petition to challenge delay by the District Court, there has been no delay in this case that would warrant mandamus relief.
Reeves also requests the recusal of the District Court Judge. While mandamus is available to review a District Court’s refusal to recuse pursuant to 28 U.S.C. § 455(a),[1] see Alexander v. Primer- *781 ica Holdings, Inc., 10 F.3d 155, 163 (3d Cir.1993), Reeves did not move for recusal in the District Court. Moreover, a litigant’s displeasure with the District Court’s legal rulings is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir.2000).
Reeves also requests that criminal charges be filed against the District Court Clerk. However, there is no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); U.S. v. Berrigan, 482 F.2d 171, 173-74 (3d Cir.1973). Moreover, the Clerk had no duty to serve the complaint until the District Court screened it under 28 U.S.C. § 1915A(a).[2]
For the above reasons, the petition will be denied.

. Section 455(a) provides that a judge “shall disqualify himself in any proceeding in which *781 his impartiality might reasonably be questioned.”

. Section 1915A(a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.”